IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN HOWARD, | ) |
| | ) |
| Petitioner | ) Case No. 1:19-cv-00155 |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| SUPERINTENDENT THOMAS | ) |
| MCGINLEY, THE ATTORNEY | ) UNITED STATES MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA, DISTRICT | ) MEMORANDUM OPINION AND |
| ATTORNEY OF ERIE COUNTY, | ) ORDER ON MOTION TO ALTER |
| | ) AND AMEND JUDGMENT PURSUANT |
| | ) TO F.R.C.P. 59(e) [ECF No. 20] |
| Respondents | ) |

MEMORANDUM OPINION

Before the Court is Nathan Howard's "Motion to Alter or Amend the Judgment Pursuant to F.R.C.P. No. 59(e)." ECF No. 20. In his motion, Howard argues that this Court erred when it denied his petition for a writ of habeas corpus. ECF No. 17.

A judgment may be altered or amended pursuant to a motion under Federal Rule of Civil Procedure 59(e) if the moving party demonstrates: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Reconsideration of judgment is an extraordinary remedy, and such a motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999). Additionally, "[a] motion for reconsideration is not to be used as a means to argue matters already argued and disposed of ... [n]or is it to be

1

used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994). "Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998)). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

Howard argues that reconsideration is necessary to correct a clear error of law and to prevent a manifest injustice. The error of law Howard identifies is that this Court "relied exclusively on the perception that the state court's conclusions were irrefutable, and thus, not open to challenge," and that this Court "eschewed [his] challenges in their entirety and merely cosigned whatever theories were being advanced by the state to refuse the relief due." ECF No. 20 at 6. This Court did not merely "cosign" the state court's analysis of Howard's claims, as was made clear in the Memorandum Opinion on Howard's petition. This Court afforded the holdings of the Pennsylvania Superior Court their proper deference but fully analyzed Howard's challenges thereto under the proper standard of review. In support of his motion, Howard does not challenge any specific part of this Court's decision; rather, he elaborates on arguments he made in support of his petition. This is not an appropriate basis for a motion for reconsideration. Howard is not entitled to relief.

AND NOW, this 4th day of February, 2021, for the reasons set forth herein, IT IS HEREBY ORDERED that Petitioner Nathan Howard's Motion to Alter and Amend Judgment is DENIED.

_____
RICHARD A. LANZILLO
United States Magistrate Judge